UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

U.S. COURTS
NOV 29 2017
Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

MICHAEL AARON BONNER et al,
Plaintiff(s),

v.

Case No 1:17-mc-9968-CWD

PARAN L.L.P.
Defendant(s),

MOTION FOR FULL FAITH AND CREDIT
UNDER 28 U.S.C. 1738

NOW COMES Michael Griffith, Michael Aaron Bonner, Detrick Curtis Conerly, John Cruz Meno (A.K.A. John Meno Cruise) and Michael Griffith Pro Se under Haines v. Kerner 405 U.S. 948, 92 S.Ct 963 stating that Pro Se litigant's filings should be construed liberally.

## JURISDICTION

This matter can be heard under 28 U.S.C. 1331 and 28 U.S.C. 1367, 28 U.S.C. 1738

## FULL FAITH AND CREDIT

By the Act of May 26, 1790 Congress ordered that judgments made in the courts of one state "Shall have such faith and credit given to them in every court within the United States." (Based off of Article 4 Clause 1 of the U.S. Constitution. See exhibit 1.) Similar language is also utilized in Title 28 U.S.C. 1738.

These are copies of the exemplified record and judgment, the certified copies are exhibits I and II in the T.R.O. motion) as exhibit 2 and 3 of this motion for full faith and credit. The two judgments should be granted full faith and credit from this federal district court as well. After all, both the Act of May 26, 1790 and Statute 28 U.S.C. 1738 state that court records/judgments shall have such faith and credit given to them in every court within the United States. This is why in Stoll v. Gottlieb 305 U.S. 165, 170 (1938) the U.S. Supreme Court held that this statute also requires that full faith and credit be given to judgments of federal court. This decision was correctly made, based on 28 U.S.C. 1738. Therefore, based on the reasoning of the U.S. Supreme Court in the Gottlieb case, state court judgments should get full faith and credit in federal courts as well. In Kremer v. Chemical Constr Corp. 456 U.S. 461 (1982) it states the following; "Section 1738 requires federal courts to give the same preclusive effect to State judgments that those judgments would be given in the courts of the state from which the judgments emerged." (at 456 U.S. 466). It also goes on to state the following; "In our system of jurisprudence the usual rule is that a merit of legal claim once decided in a court of competent jurisdiction are not subject to redetermination in another forum." (at 456 U.S. 485) (See highlighted portions of exhibits 4 and 5.)

The Kremer v. Chemical Constr. Corp. case shows that state court judgments are to receive full faith and credit in federal courts and to be treated the same as it would treated in the court that it originated out of. It also binds federal courts to the principle of res judicata. In the case of <u>Glasgow Inc. v. Noetzel 556 F Supp. 595 (SD WV 1983)</u> the court stated, "When attack is made on a state court judgment indirectly a federal court is bound by full faith and credit clause, and principle of res judicata". Not only does this exemplify in a sense what the U.S. Supreme Court said in the Kremer case, it also shows that <u>no one</u> may indirectly attack the state court judgment in federal court. If such an attack is made the court must defend such judgment by full faith and credit, and the rule(s) governing res judicata. Also, in regards to the Kremer case, since the same preclusive effect is to be given to state court judgments as they are afforded in their originating court then the federal court that the foreign state judgment has been presented to for full faith and credit should also be able to execute/enforce the said judgment even against nonparties as stated in federal rules of Civil Procedure 71.

Finally as stated in Kermer v Chemical Construction Corp 456 U.S. 461, 466, 485 Footnote 24 (1982) "It is therefore reasonable that § 1738 be subject to no more restriction than the Full Faith and Credit Clause." (This would also include jurisdiction restrictions like those contained in § 1963.)

## PRAYER OF RELIEF

The Plaintiff(s) seek full faith and credit be given to the two certified copies of the two seperate foreign State judgments (labeled as exhibits 2 and 5 that are attached to this motion) The first judgment is case no. 16JU4329. The second judgment's case no. is 17JU3170.

*Michael Griffith* A.R.R.
*Detrick Curtis Conerly* UCC 1-308
Michael Griffith
Michael Aaron Bonner
Detrick Curtis Conerly
John Cruz Meno A.K.A John Meno Cruz A.K.A John Meno Cruise
 Pro Se litigant(s)